UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:26-CV-00079-GNS

EZEQUIEL ALEJANDRO GONZALEZ ORTEGA                                   PETITIONER

v.

SAMUEL OLSON, Field Office Director
Chicago Field Office Director,
Immigration and Customs Enforcement,
in his official capacity;
KRISTI NOEM, Secretary,
U.S. Department of Homeland Security,
in her official capacity
TODD LYONS, Acting Director of
U.S. Immigration and Customs Enforcement,
in his official capacity; and
JEFF TINDALL, Jailer,
Oldham County Jail,
in his official capacity                                             RESPONDENTS

## **ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

In December 2022, Petitioner Ezequiel Alejandro Gonzalez Ortega ("Ortega"), who is a native and citizen of Venezuela, entered the United States after fleeing his home country due to fears from past and for future persecution due to his sexuality and his opposition to the Maduro regime. (Pet. ¶ 27, DN 1). Upon entry, Ortega was served with a Notice to Appear and paroled for a period of one year. (Pet. Ex. A, at 1-4, DN 1-2; Resp'ts' Resp. Show Cause Order Ex. 5, at 2, DN 9-5).

Within one year of entry, Ortega filed an application for asylum, withholding of removal, and for relief pursuant to the Convention Against Torture with the U.S. Citizenship and

Immigration Services ("USCIS").  (Pet. ¶ 27).  The application was referred to the Executive Office for Immigration Review.  (Pet. ¶ 27).  On August 13, 2024, a second Notice to Appear was issued after the initial one was not docketed.  (Pet. Ex. B, at 1-5, DN 1-3).

On September 21, 2025, Ortega was arrested in Indianapolis, Indiana, and charged with misdemeanor conversion.  (Resp'ts' Resp. Show Cause Order Ex. 5, at 3).  After being turned over to Immigration and Customs Enforcement ("ICE") on September 23, 2025, Ortega was served with a Warrant for Arrest of Alien.  (Resp'ts' Resp. Show Cause Order Ex. 5, at 2; Resp'ts' Resp. Show Cause Order Ex. 6, at 1, DN 9-6).  He was housed at various facilities in Indiana, Louisiana, Arizona, Kentucky, and Mississippi, and he is currently being detained at the Oldham County Detention Center.  (Pet. ¶ 29).

On November 6, 2025, an immigration judge denied Ortega's application and ordered his removal to Venezuela.  (Resp'ts' Resp. Show Cause Order Ex. 7, at 1, 3, DN 9-7).  Ortega has appealed that decision.  (Pet. Ex. D, at 1-17, DN 1-5).  On December 11, 2025, an Indiana state court dismissed Ortega's criminal case.  (Pet. Ex. C, at 1, DN 1-4).

Ortega filed the Petition for Writ of Habeas Corpus against Respondents:  Sam Olson, Chicago Field Office Director for ICE; Kristi Noem, Secretary of the Department of Homeland Security; Pamela Bondi, Attorney General of the United States; Todd Lyons, Acting Director of ICE; and Jeff Tindall ("Tindall"), Oldham County Jailer.[1]  (Pet. ¶¶ 20-24).  He asserts that he has been denied a bond hearing and was not provided a pre-deprivation hearing to contest the revocation of his terms of release.  (Pet. ¶ 31).  He alleges violations of the Immigration and

---

[1] "In Kentucky, the Jailer—a constitutionally elected county official—has 'custody, rule and charge of the jail' or detention center in his or her county and 'of all persons in the jail.'"  *Moore v. Mason Cnty.*, No. 16-185-DLB-CJS, 2018 WL 4211732, at *1 (E.D. Ky. Sep. 4, 2018) (citing Ky. Const. § 99; KRS 71.020).  Therefore, as the jailer, Tindall is responsible for the jail or detention center and has custody of any detainee while he or she is incarcerated at that facility.

Nationality Act, the Fifth Amendment's Due Process Clause, the Administrative Procedure Act, and the *Accardi* doctrine.  (Pet. ¶¶ 67-92).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).   In seeking habeas relief, Ortega bears the burden of proving by a preponderance of the evidence that his detention is unlawful.  *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

The parties dispute whether Ortega's arrest precludes him from being released on bond. In particular, Respondents contend that he is not entitled to release under 8 U.S.C. § 1226(c)(1)(E)(2) due to his arrest for misdemeanor conversion under Indiana law.    The mandatory detention imposed by this provision applies to a person who is "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any . . . theft . . . ."  8 U.S.C. § 1226(c)(1)(E)(2).  In effect, they argue that the resolution of any such charges is irrelevant to whether that person is subject to mandatory detention under this provision.

Other courts analyzing this language have rejected the interpretation asserted by Respondents.  As one court reasoned:

> "[B]y using the present tense, § 1226(c) (1) (E) (ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute."  The "plain language" of the statute thus reveals that "detention is not mandatory if the criminal charges have been dismissed."   Here, "[b]ecause the charges against [Petitioner] have

> been dismissed, . . . they are no longer pending, and it is not accurate to say that
> he 'is charged with' or 'is arrested for' . . . larceny."

*Hairo v. Crawford*, No. 2:25CV704, 2026 WL 286176, at *2 (E.D. Va. Feb. 3, 2026) (second and third alterations in original) (internal citations omitted) (citations omitted); *see also Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *12 (S.D.N.Y. Jan. 30, 2026) ("First, Section 1226(c) 'would have had no legal effect under the government's reading because the mandatory detention of those very same people would have been required under § 1225 without some additional crime.' 'By Respondents' understanding, all noncitizens inadmissible under 8 U.S.C. § 1182(a)(6) (which states that those like Petitioner who are present without admission are inadmissible) are already subject to mandatory detention. Why, then, would Congress have thought it necessary to specifically add a provision making those noncitizens subject to mandatory detention if they are charged with certain crimes?' Second, 'the text of § 1226(c)(1)(E)(ii) does not provide for mandatory detention where, as here, charges have been dropped.'" (internal citations omitted) (citation omitted)); *Rueda Torres v. Francis*, No. 25 Civ. 8408 (DEH), 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025) ("Respondents urge an interpretation that requires mandatory detention following any arrest or charge no matter the ultimate disposition of those charges. Such an interpretation would 'make the words "is convicted of" superfluous,' as no Defendant could possibly proceed to a conviction without first being charged. Thus, while detention is mandatory immediately following an arrest, it is no longer required if charges are ultimately not filed. Similarly, detention remains mandatory if charges are filed, but it is no longer required if charges are dropped or if a person is acquitted. Any other interpretation would render superfluous the language in the statute requiring detention under circumstances other than when a person 'is arrested for' or 'is charged with' certain crimes." (internal citations omitted)); *E.C. v. Noem*, No. 2:25CV1789, 2025 WL 2916264, at

4

*11 (D. Nev. Oct. 14, 2025) ("[T] he Court finds that the statutory text's reference to a person who 'is charged with' or 'is arrested' for a theft-related offense, in the present tense, cannot be read to apply to a person has previously been arrested for and charged with a crime where they have also been acquitted of the crime."  (citation omitted)); *Helbrum v. Williams*, No. 4:25-CV-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sep. 30, 2025) ("The point is that § 1226(c)(1)(E)(ii) recognizes that a person 'is charged with' a crime (present tense) only until those charges are resolved.  If the resolution is a conviction ('is convicted of') or involves the person making some other admission of guilt ('admits having committed' or 'admits committing acts which constitute the essential elements of'), then § 1226(c)(1)(E)(ii) continues to make detention mandatory.  By contrast, based on the recurring use of the present tense for each stage of the criminal process, the statute no longer requires mandatory detention when charges are resolved via acquittal or dismissal and none of the other clauses apply.").

Here, the state court dismissed the charges against Ortega.  (Pet. Ex. C, at 1).  Based on this Court's interpretation of Section 1226(c)(1)(E)(ii), he is therefore not subject to mandatory detention under that subsection.

This Court has previously rejected substantive arguments that persons like Ortega are arriving aliens subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Ortega already present within the United States.  *See Aquino v. Woosley*, No. 4:26-CV-00043-RGJ, 2026 WL 445033, at *2-9 (W.D. Ky. Feb. 17, 2026); *Colina-Rojas v. Noem*, No. 4:26-CV-00037-RGJ, 2026 WL 412138, at *3-10 (W.D. Ky. Feb. 13, 2026); *Moran v. Noem*, No. 4:26-CV-00017-RGJ, 2026 WL 381605, at *3-9 (W.D. Ky. Feb. 11, 2026); *Salmeron v. Olson*, No. 4:25-CV-00198-RGJ, 2026 WL 324486, at *3-9 (W.D. Ky. Feb. 6, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-00020-DJH, 2026 WL 227011, at *3-4

(W.D. Ky. Jan. 28, 2026); *Celis v. Woosley*, No. 4:25-CV-00189-RGJ, 2026 WL 181340, at \*2-10 (W.D. Ky. Jan. 22, 2026); *Rodriguez v. Noem*, No. 4:25-CV-00176-RGJ, 2026 WL 116412, at \*2-10 (W.D. Ky. Jan. 15, 2026); *Meza v. Lewis*, No. 4:25-CV-00171-RGJ, 2026 WL 92102, at \*3-10 (W.D. Ky. Jan. 13, 2026); *Reyes-Godenes v. Lewis*, No. 4:25-CV-00169-RGJ, 2026 WL 74566, at \*2-10 (W.D. Ky. Jan. 9, 2026); *Rodriguez v. Woosley*, No. 4:25-CV-00168-RGJ, 2026 WL 36345, at \*3-10 (W.D. Ky. Jan. 6, 2026); *Ariza v. Noem*, No. 4:25-CV-00165-RGJ, 2025 WL 3722014, at \*3-10 (W.D. Ky. Dec. 23, 2025); *Reyes-Martinez v. Woosley*, No. 4:25-CV-00150-RGJ, 2025 WL 3680330, at \*4-11 (W.D. Ky. Dec. 18, 2025); *Ramirez v. Lewis*, No. 4:25-CV-00143-RGJ, 2025 WL 3553676, at \*3-11 (W.D. Ky. Dec. 11, 2025); *Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at \*3-6 (W.D. Ky. Dec. 9, 2025); *Aranda v. Olson*, No. 4:25-CV-00156-GNS, 2025 WL 3499061, at \*3-6 (W.D. Ky. Dec. 5, 2025); *Mateo v. Noem*, No. 4:25-CV-00151-GNS, 2025 WL 3499062, at \*4-7 (W.D. Ky. Dec. 5, 2025); *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682, at \*5-13 (W.D. Ky. Nov. 27, 2025); *Singh v. Lewis*, No. 4:25-CV-00133-DJH, 2025 WL 3298080, at \*4-5 (W.D. Ky. Nov. 26, 2025); *Navarrete v. Noem*, No. 4:25-CV-00157-DJH, 2025 WL 3298081, at \*2-3 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-CV-00121-DJH, 2025 WL 3243837, at \*2-3 (W.D. Ky. Nov. 20, 2025); *Del Villar v. Noem*, No. 4:25-CV-00137-GNS, 2025 WL 3231630, at \*3-6 (W.D. Ky. Nov. 19, 2025); *Lopez v. Olson*, No. 3:25-CV-654-DJH, 2025 WL 3217036, at \*3 (W.D. Ky. Nov. 18, 2025); *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at \*4-8 (W.D. Ky. Nov. 4, 2025); *Guerra v. Woosley*, No. 4:25-CV-00119-RGJ, 2025 WL 3046187, at \*3-4 (W.D. Ky. Oct. 31, 2025); *Martinez-Elvir v. Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at \*6-11 (W.D. Ky. Oct. 27, 2025); *Orellana v. Noem*, No. 4:25-CV-00112-RGJ, 2025 WL 3006763, at \*3-5 (W.D. Ky. Oct. 27, 2025); *Mejia v. Woosley*, No. 4:25-CV-00082-RGJ,

6

2025 WL 2933852, at *4 (W.D. Ky. Oct. 15, 2025); *Ballestros v. Noem*, No. 3:25-CV-00594-RGJ, 2025 WL 2880831, at *3-4 (W.D. Ky. Oct. 9, 2025); *Singh v. Lewis*, No. 4:25-CV-00096-RGJ, 2025 WL 2699219, at *3 (W.D. Ky. Sep. 22, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *2-5 (W.D. Ky. Sep. 19, 2025).  Therefore, Section 1226(a) applies to Ortega.

In addition, this Court has repeatedly held that an alien being erroneously detained under Section 1225 when he is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Aquino*, 2026 WL 445033, at *10-12; *Colina-Rojas*, 2026 WL 412138, at *10-12; *Moran*, 2026 WL 381605, at *10-12; *Salmeron*, 2026 WL 324486, at *10-12; *Coronel-Hernandez*, 2026 WL 227011, at *4-5; *Celis*, 2026 WL 181340, at *10-11; *Rodriguez*, 2026 WL 116412, at *10-12; *Meza*, 2026 WL 92102, at *11-13; *Reyes-Godenes*, 2026 WL 74566, at *10-12; *Rodriguez*, 2026 WL 36345, at *10-12; *Ariza*, 2025 WL 3722014, at *10-12; *Reyes-Martinez*, 2025 WL 3680330, at *11-13; *Ramirez*, 2025 WL 3553676, at *11-12; *Aranda*, 2025 WL 3499061, at *6-8; *Mateo*, 2025 WL 3499062, at *3-7; *Edahi*, 2025 WL 3466682, at *13-14; *Singh*, 2025 WL 3298080, at *5-6; *Navarrete*, 2025 WL 3298081, at *3; *Salinas*, 2025 WL 3243837, at *3; *Del Villar*, 2025 WL 3231630, at *6-7; *Lopez*, 2025 WL 3217036, at *4; *Alonso*, 2025 WL 3083920, at *8-9; *Guerra*, 2025 WL 3046187, at *4-6; *Martinez-Elvir*, 2025 WL 3006772, at *11-13; *Orellana*, 2025 WL 3006763, at *5-6; *Mejia*, 2025 WL 2933852, at *4-5; *Ballestros*, 2025 WL 2880831, at *4-5; *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5-6 (W.D. Ky. Oct. 3, 2025); *Singh*, 2025 WL 2699219, at *3-5; *Barrera*, 2025 WL 2690565, at *5-7.  The unlawful detention of Ortega implicates his liberty interest to which due process applies and precludes him from challenging his detention creating a high risk of

erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at \*5 (N.D. Cal. July 24, 2025). As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'" *Alonso*, 2025 WL 3083920, at \*9 (alterations in original) (quoting *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at \*15 (E.D.N.Y. Oct. 6, 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel*, 2025 WL 2823607, at \*6; *Barrera*, 2025 WL 2690565, at \*7; *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at \*5 (D. Minn. Aug. 25, 2025). "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Dep't of Homeland Sec'y v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Consistent with these norms, Ortega must be released, and if he is arrested and re-detained, he is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.    The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**. Respondents are directed to release Petitioner Ezequiel Alejandro Gonzalez Ortega from custody **IMMEDIATELY**, and, in the event that he is arrested and re-detained, provide him with a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents

shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

2.      Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**

March 3, 2026

cc:    counsel of record